IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-60670
Summary Calendar

RUSK COUNTY ELECTRIC COOPERATIVE, INC.,

Petitioner,

versus

ELAINE L. CHAO, Secretary, Department of Labor; OCCUPATIONAL SAFETY AND HEALTH
REVIEW COMMISSION,

Respondents.

Petition for Review of an Order
of the Occupational Safety and Health Review Commission
(No. 01-1071)

February 11, 2003
Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The Occupational Safety and Health Review Commission (OSHRC) declined review of an

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

administrative law judge's order affirming the decision of the Occupational Safety and Health Administration to issue a citation against petitioner Rusk County Electric Cooperative, Inc. (RCEC).The ALJ imposed a $2,500 fine against RCEC for failing to place a warning tag on a disconnected power line to indicate that work was being performed on the line, as required by 29 C.F.R. § 1910.269(m)(3)(iv). Finding the ALJ's decision supported by substantial evidence, *see* 29 U.S.C. § 660(a) (1999) (standard of review), we affirm.

It is undisputed that the regulation applied to RCEC, and that, on December 19, 2000, RCEC employee Ronnie Spencer failed to place a warning tag on a power line that was being repaired. The purpose of the warning tag is to prevent the line from being re-energized and electrocuting anyone working on the line. Spencer himself was within five or six feet of the disconnected and untagged line.

For a citation to issue against an employer, the Secretary of Labor must prove by a preponderance of the evidence that (1) the cited standard applies, (2) its terms were not met, (3) employees had access to the violative condition, and (4) the employer knew or could have known of the condition with the exercise of reasonable diligence. *E.g., Sec'y of Labor v. Walker Towing Corp.*, 14 O.S.H. Cas. (BNA) 2072 (O.S.H.R.C. 1991), 1991 WL 41253.

This case concerns part three, whether an employee had access to the violative condition. OSHRC has held that access, or exposure, "may be established either by showing actual exposure or [by showing] that access to the hazard was reasonably predictable." *Sec'y of Labor v. Phoenix Roofing, Inc.*, 17 O.S.H. Cas. (BNA) 1076 (O.S.H.R.C. 1995), 1995 WL 82313, *aff'd* 79 F.3d 1146 (5th Cir. 1996).

RCEC argues that, in spite of its failure to post a tag, it implemented a thorough "coordination system," which successfully prevented a line from being improperly or accidently re-energized. Thus,

RCEC argues, it was not reasonably predictable that an employee would be exposed to the hazard because there was no hazard in the first place. We conclude, however, that, for a citation to issue, the Secretary of Labor need only show that an employee was exposed to the *"violative condition*," *Walker Towing,* 1991 WL 41253, at *3 (emphasis added), not that an employee was actually in harm's way.

The exposure requirement is nowhere in the Occupational Safety and Health Act (OSHA), 29 U.S.C. §§ 651-700 (1999), nor in its regulations. Its origins trace back to OSHRC decisions finding that "the intent of [OSHA] is to place responsibility for maintaining safe working conditions upon those employers who have endangered employees, not upon those who may merely own or to some extent control the location of the place of employment of others." *Sec'y v. Hawkins Constr. Co.,* 1 O.S.H. Cas. (BNA) 1761 (O.S.H.R.C. 1974), 1974 WL 4131; *see also Brennan v. Occupational Safety & Health Review Comm'n*, 513 F.2d 1032, 1037 (2d Cir. 1975) (noting that OSHA employers arguably only have a duty of compliance running to their own employees). In other words, the exposure requirement relates to the issue of *to whom* the duty of compliance is owed, not the *substance* of that duty. Here, it is undisputed that RCEC employee Spencer was within five or six feet of the disconnected—and untagged—power line. Thus, we conclude that there is substantial evidence to support the finding that Spencer was exposed to the violation.

At this point, we look to the regulations alone to see whether there was a violation, instead of, as RCEC urges, trying to determine from all the surrounding facts whether or not the area was actually dangerous. To hold otherwise would undermine the purposes of OSHA and place an unduly high burden on the Secretary. We emphasize that OSHA states that employers "*shall* comply with the occupational safety and health standards . . . ." 29 U.S.C. § 654(a)(2) (emphasis added). The

regulation at issue states, "all of the requirements of paragraph (m)(3) of this section *shall* be observed," 29 C.FR. § 1910.269(m)(2) (emphasis added), and subsection (iv) of paragraph (m)(3) says, "Tags *shall* prohibit operation of the disconnecting means and shall indicate that employees are at work." 29 C.FR. § 1910.269(m)(3)(iv) (emphasis added). We decline to read into this mandatory language an *additional* burden on the Secretary to show that the violator had not implemented an effective substitute safety measure. *See Bunge Corp. v. Sec'y of Labor*, 638 F.2d 831, 834 (5th Cir. Unit A May 1981) ("Unless the general standard incorporates a hazard as a violative element, the proscribed condition or practice is all the Secretary must show . . . ."). Whether RCEC's coordination system was actually failsafe is of no relevance because "an employer must follow the law even if it has a good faith belief that its own policy is wiser." *RSR Corp. v. Brock*, 764 F.2d 355, 363 (5th Cir. 1985). Here, it is undisputed that the tag was not posted.

AFFIRMED.